PER CURIAM.
Watt and Webster, petitioners, seek issuance of an extraordinary writ to compel-respondent Firestone to remove a proposed constitutional amendment from the November, 1986, general election ballot. Petitioners contend that the proposed amendment violates existing provisions of the state and federal constitutions. Because we disagree with these contentions, we deny the petition.
The amendment in question was proposed by Citizens for Jobs and Tourism, Inc. (Citizens). It would permit casino gambling in Florida in specific geographic locations approved in an initiative referendum by electors of the county. Such casinos could only be operated at hotels with 500 or more sleeping units. The amendment directs the legislature to enact laws necessary to regulate and tax casino gambling activity.
Petitioner Watt alleges standing as a citizen and taxpayer of Palm Beach County, Florida. Webster is a citizen of Orange County. According to the petition, Orange County has no authority to conduct an initiative referendum.
A show cause order was issued and Firestone’s response indicated that Citizen’s petition appeared sufficient under Florida law and that he had no duty or authority to inquire into the constitutional defects alleged by the petitioners. Citizens was then made a party to this cause and responded to the petition.
Petitioners first argue that the proposed amendment violates the due process clause of the United States Constitution. This argument is based on the alleged lack of authority, by statute or ordinance, for many of Florida’s counties to conduct initiative referenda.[1] Thus, they argue, many Floridians would be unable to implement casino gambling in their own counties because an initiative referendum on the subject could not be held. We find this argument to be without merit. Charter counties have the authority to conduct such referenda under Article VIII, section 1(g) of the Florida Constitution and non-charter counties have similar power under Article VIII, section 1(f) of the state constitution and section 125.01 of the Florida Statutes. Even if some counties do not have currently valid ordinances to spell out the specifics of holding a referendum, we hardly find this to be grounds for invalidating a proposed constitutional amendment. If the proposal is approved and the governing body of a county fails to provide for referenda, an aggrieved citizen could seek redress in the courts. See, e.g., Dade County Classroom Teachers Association, Inc. v. The Legislature, 269 So.2d 684 (Fla.1972).
Petitioners’ second argument is that the proposed amendment violates Article XI, section 3 of the Florida Constitution in that, if the provision were approved, an additional constitutional amendment would be necessary to give all Florida counties the power to conduct initiative referenda. As we have indicated above, we find that such authority already exists under our constitution. We therefore reject this argument.[2]
Finally, petitioners contend that the proposed amendment is violative of the equal protection clause of the federal Constitution. According to this attack, the amendment is defective in limiting the casinos to hotels of 500 or more sleeping units. Why, petitioners ask, is a hotel of 499 units any less able to operate a casino than with 500? We agree with respondent Citizens that petitioners’ question, assuming their standing to ask it,[3] is not one we must *594 answer in determining the constitutionality of the proposal. Rather, since no fundamental right or suspect class is impacted, the proposal must only have a reasonable relationship to the end to be achieved. Since a variety of rationales can be posited to support the limitation,[4] we find that petitioners have failed to demonstrate constitutional infirmity in this regard.
As we find that the petition fails to clearly demonstrate that the proposal violates any existing provision of the federal or state constitution, it is DENIED.
THOMPSON, ZEHMER and BAR-FIELD, JJ., concur.

. Petitioners have not presented this court with documentation in support of their allegations concerning the lack of such authority.

. Petitioners also raise concerns regarding the 1987 legislature's ability to study and enact a regulatory scheme, the possibility of the legislature’s failure to act, or a gubernatorial veto of such action, if taken. We do not find that such potential problems point to a constitutional defect in the proposed amendment.

.Petitioners have not alleged that they own or operate a hotel with 499 or fewer sleeping units or that they would otherwise operate a casino if *594 they were not precluded from doing so by the proposal’s limitation on eligible operators.

. Respondent Citizens, for example, suggests that the limitation assures that such establishments 1) will be limited in number; 2) will be found in tourist-oriented areas; 3) will be subject to professional management.